UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James Richard Ayre,  # 459881,<br>*aka* James Ayres (SCDC # 222907),<br><br>                                        Petitioner,<br><br>vs.<br><br>State of South Carolina,<br><br>                                        Respondent. | ) **C/A No. 9:08-4032-HMH-BM**<br>)<br>)<br>)<br>)<br>)<br>) **Report and Recommendation**<br>)<br>)<br>)<br>)<br>) |

## *Background of this Case*

The petitioner is an inmate at the Ionia Maximum Correctional Facility of the Michigan Department of Corrections in Ionia, Michigan, and files this petition challenging a South Carolina conviction under 28 U.S.C. § 2254. On February 23, 2007, in the Court of General Sessions for Berkeley County, the petitioner pled guilty, pursuant to the holding in *North Carolina v. Alford*, 400 U.S. 25 (1970), to first-degree criminal sexual conduct with a minor and sexual exploitation of a minor and was sentenced to consecutive terms of ten years and five years. The South Carolina Court of Appeals dismissed the direct appeal on August 15, 2008. *See State v. James Ayre*, Opinion No. 2008-UP-489 (S.C.Ct.App., Aug. 15, 2008)(*per curiam*):

> **PER CURIAM:** James Ayre pled guilty to one count of criminal sexual conduct with a minor first degree and one count of sexual exploitation of a minor second degree, pursuant to Alford v. North Carolina, 400 U.S. 25 (1970). Ayre contends the plea judge erred by not informing him criminal sexual conduct with a minor first degree

1



> is a most serious offense and a strike, and therefore, his plea was not voluntarily and intelligently entered. In his pro se brief Ayres argues: (1) the trial court erred by not dismissing the charges against him in light of the Interstate Agreement on Detainers violation; (2) the lack of his appearance, or that of counsel, at the grand jury violated due process; (3) his plea was constitutionally deficient because it was not knowingly or voluntarily made; and (4) he received ineffective assistance of counsel. After a thorough review of the record pursuant to Anders v. California, 386 U.S. 738 (1967), and State v. Williams, 305 S.C. 116, 406 S.E.2d 357 (1991), we dismiss the appeal and grant counsel's motion to be relieved.
>
> APPEAL DISMISSED.
>
> KONDUROS, J., CURETON, and GOOLSBY, A.J.J., concur.

*State v. Ayre* (footnote omitted).[1] The petitioner filed an untimely petition for rehearing on September 25, 2008, which was returned unprocessed by the South Carolina Court of Appeals to the petitioner on September 30, 2008. *See* Entry No. 1-1, at page 26. The Supreme Court of South Carolina denied the petitioner's *pro se* petition for writ of certiorari on October 29, 2008, because no timely petition for rehearing or reinstatement was filed with the Court of Appeals, which had sent the remittitur on September 3, 2008. *See* Entry No. 1-1, at pages 28-29.

The petitioner raises three (3) grounds in this § 2254 petition. Ground One concerns alleged violations of the Interstate Agreement on Detainers (IAD), Ground Two alleges an involuntary guilty plea, and Ground Three concerns ineffective assistance of original defense counsel.

---

[1]The South Carolina Department of Corrections website (www.doc.sc.gov) lists the petitioner's surname as Ayres. In its opinion, the South Carolina Court of Appeals uses both Ayre and Ayres. The Michigan Department of Corrections website (www.michigan.gov/corrections) lists the petitioner's surname as Ayre.



## *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition pursuant to the procedural provisions of 28 U.S.C. § 1915, the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979) (recognizing the district court's authority to conduct an initial screening of any *pro se* filing);[2] *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). As the petitioner is a *pro se* litigant, his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 75 U.S.L.W. 3643, 167 L.Ed.2d 1081, 127 S.Ct. 2197 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); *Cruz v. Beto*, 405 U.S. 319 (1972); *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975).

However, even when considered under this less stringent standard, the undersigned finds that the petition is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

---

[2]*Boyce* has been held by some authorities to have been abrogated in part, on other grounds, by *Neitzke v. Williams*, 490 U.S. 319 (1989)(insofar as *Neitzke* establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").



With respect to his convictions and sentences, the petitioner's sole federal remedies are a writ of habeas corpus under either 28 U.S.C. § 2254 or 28 U.S.C. § 2241, which remedies can be sought only after the petitioner has exhausted his state court remedies. *Beard v. Green*, 523 U.S. 371, 375 (1998) ["It is the rule in this country that assertions of error in criminal proceedings must first be raised in state court in order to form the basis for relief in habeas. Claims not so raised are considered defaulted."] (*citing Wainwright v. Sykes*, 433 U.S. 72 (1977)). *See also* 28 U.S.C. § 2254(b); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-91 (1973); *Picard v. Connor*, 404 U.S. 270 (1971); *Schandelmeier v. Cunningham*, 819 F.2d 52, 53 (3rd Cir. 1986) (exhaustion required under § 2241). The exhaustion requirements under § 2254 are fully set forth in *Matthews v. Evatt*, 105 F.3d 907 (4th Cir. 1997), as follows:

> In the interest of giving state courts the first opportunity to consider alleged constitutional errors occurring in a defendant's state trial and sentencing, a § 2254 petitioner is required to "exhaust" all state court remedies before a federal district court can entertain his claims. Thus, a federal habeas court may consider only those issues which have been "fairly presented" to the state courts. . . .
>
> To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court. The burden of proving that a claim has been exhausted lies with the petitioner.
>
> The exhaustion requirement, though not jurisdictional, is strictly enforced[.]

*Matthews v. Evatt*, 105 F.3d at 910-911 (citations omitted from quotation).

Here, the petitioner has not exhausted his state court remedies with respect to his ineffective assistance of counsel claims, although he appears to have exhausted his other two claims, making this a "mixed" petition. *see In Re Exhaustion of State Remedies in Criminal and Post-*



*Conviction Relief Cases*, 321 S.C. 563, 564, 471 S.E.2d 454 (1990)["[W]hen the claim has been presented to the Court of Appeals or the Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies."]; *State v. McKennedy*, 348 S.C. 270, 559 S.E.2d 850 (2002). Although the petitioner's direct appeal was unsuccessful, he can file an application for post-conviction relief to exhaust Ground Three. *See* S.C. Code Ann. § 17-27-10, *et seq.*[3] The United States Court of Appeals for the Fourth Circuit has held that South Carolina's Uniform Post-Conviction Procedure Act is a viable state-court remedy. *See Miller v. Harvey*, 566 F.2d 879, 880-81 (4th Cir. 1977); and *Patterson v. Leeke*, 556 F.2d 1168, 1170-73 (4th Cir. 1977). Further, the applicant in a post-conviction application may also allege constitutional violations in a post-conviction proceeding, but only if the issue could not have been raised by direct appeal. *Gibson v. State*, 329 S.C. 37, 41, 495 S.E.2d 426, 428 (1998) (*citing* S.C. Code Ann. § 17-27-20(a)(1), (b); and *Simmons v. State*, 264 S.C. 417, 215 S.E.2d 883 (1975)).

"Exhaustion includes filing of an application, the rendering of an order adjudicating the issues, and petitioning for, or knowingly waiving, appellate review." *Gibson v. State*, 329 S.C. at 42, 495 S.E.2d at 428. Applications for post-conviction relief are to be filed in the Court of Common Pleas for the county in which a South Carolina prisoner was convicted in a Court of General Sessions. If petitioner's application for post-conviction relief is denied or dismissed by the

---

[3]Where a habeas petitioner has failed to exhaust his state remedies and the state court would now find his or her claims procedurally barred, further exhaustion is not required. *See Coleman v. Thompson*, 501 U.S. 722, 735 n. 1 (1991); and *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998). However, the federal court is precluded from hearing a procedurally defaulted claim unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice. *Matthews v. Evatt*, 105 F.3d at 916 (*quoting Coleman v. Thompson*, 501 U.S. at 750). This standard has been referred to as a "demanding burden." *Townes v. Murray*, 68 F.3d 840, 847 (4th Cir. 1995).



Court of Common Pleas, he can file an "appeal" (petition for writ of certiorari) in that post-conviction case. *See* S.C. Code Ann. § 17-27-100; and *Knight v. State*, 284 S.C. 138, 325 S.E.2d 535 (1985).[4]  In fact, South Carolina prisoners have been successful on such appeals in their post-conviction cases. *See, e.g., Lounds v. State*, Opinion No. 26571, ___ S.C. ___, ___ S.E.2d ___, 2008 S.C. LEXIS 342, 2008 WL 5204924 (S.C., Dec. 15, 2008) (finding trial counsel ineffective); *Robinson v. State,* ___ S.C. ___, ___ S.E.2d ___, 2008 S.C. LEXIS 332, 2008 WL 4963987 (S.C., Nov. 24, 2008); *Lomax v. State*, 379 S.C. 93, 665 S.E.2d 164 (2008); *Miller v. State*, 379 S.C. 108, 665 S.E.2d 596 (2008); *McKnight v. State*, 378 S.C. 33, 661 S.E.2d 354, 358-63 (2008); *Lowry v. State*, 376 S.C. 499, 510-11, 657 S.E.2d 760, 766 (2008) ("Because the unconstitutional jury instruction did not constitute harmless error in Petitioner's murder conviction, we find that there is a reasonable probability that, but for counsel's failure to object to the unconstitutional jury instruction, the outcome of the trial would have been different."); *Staggs v. State*, 372 S.C. 549, 643 S.E.2d 690 (2007) (post-conviction relief granted on grounds of trial counsel's actual conflict of interest from representing members of same family; new trial ordered); *Custodio v. State*, 373 S.C. 4, 644 S.E.2d 36 (2007) (post-conviction relief granted on issue of enforcement of plea agreement); *Morris v. State*, 371 S.C. 278, 639 S.E.2d 53 (2006) (on issue of ineffective assistance of counsel); *Riddle v. Ozmint*, 369 S.C. 39, 631 S.E.2d 70 (2006); *Stevens v. State*, 365 S.C. 309, 617 S.E.2d 366 (2005); and *Vaughn v. State*, 362 S.C. 163, 607 S.E.2d 72, 73-76 (2004).

---

[4]The Supreme Court of South Carolina has authorized the South Carolina Court of Appeals to hear petitions for certiorari in post-conviction cases upon referral from the Supreme Court of South Carolina.  *See* Supreme Court Order 2005-08 (C.O. 08 effective May 1, 2005), Shearouse Advance Sheet # 19; and *Dunlap v. State*, 371 S.C. 585, 641 S.E.2d 431 (2007) ("In appeals from criminal convictions **or post-conviction relief matters**, a litigant is not required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error.")(emphasis in original).

6



Since the petitioner has yet to exhaust at least two (2) viable state court remedies — an application for post-conviction relief and an "appeal" (petition for writ of *certiorari*) in the post-conviction case, this court should not keep this case on its docket while the petitioner is exhausting his state court remedies. *See Galloway v. Stephenson*, 510 F. Supp. 840, 846 (M.D.N.C. 1981): "When state court remedies have not been exhausted, absent special circumstances, a federal habeas court may not retain the case on its docket, pending exhaustion, but should dismiss the petition."[5] *See also Pitchess v. Davis*, 421 U.S. 482, 490 (1975); and *Lawson v. Dixon*, 3 F.3d 743, 749 n. 4 (4th Cir. 1993), where the United States Court of Appeals for the Fourth Circuit noted: "[E]xhaustion is not a jurisdictional requirement, but rather arises from interests of comity between the state and federal courts."

There is a one-year limitations period for post-conviction cases. *See* 1995 S.C. Acts 7, which has been codified at S.C. Code Ann. § 17-27-45 (2008);[6] *Sutton v. State*, 361 S.C. 644, 606

---

[5]While retention of a mixed petition is permissible; *see Rhines v. Weber*, 544 U.S. 269 (1005) (allowing stays of habeas cases in limited circumstances); there is no need to "serve and then stay" this case because Petitioner has used up only five months of his one year limitations period. *see* discussion hereinabove, *supra*, and note 6. Further, the filing of this § 2254 action does not toll the PCR limitations period, so Petitioner's PCR one year limitations period may expire by the time this § 2254 petition otherwise disposes of the exhausted claims.

[6]Section 17-27-45 provides:

> **§ 17-27-45. Filing procedures for post conviction relief applications.**
>
> (A) An application for relief filed pursuant to this chapter must be filed within one year after the entry of a judgment of conviction or within one year after the sending of the remittitur to the lower court from an appeal or the filing of the final decision upon an appeal, whichever is later.

(continued...)



S.E.2d 779 (2004); and *Peloquin v. State*, 321 S.C. 468, 469-70, 409 S.E.2d 606, 607 (1996). *See also Leamon v. State*, 363 S.C. 432, 611 S.E.2d 494 (2005) (prisoner's incarceration in another jurisdiction does not toll limitations period of § 17-27-45); and *Green v. State*, 353 S.C. 29, 30, 576 S.E.2d 182, 183 (2003) (filing of a federal § 2254 petition does not toll the one-year limitations period of S.C. Code Ann. § 17-27-45). Therefore, Petitioner will need to be mindful of this limitations period. Alternatively, if Petitioner does not intent to exhaust his ineffective assistance of counsel claims, he may file a new § 2254 petition asserting only exhausted claims.

## *Recommendation*

Accordingly, it is recommended that the § 2254 petition be dismissed *without prejudice and without requiring the respondent to file a return. See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return); *Toney v.*

---

(...continued)

    (B) When a court whose decisions are binding upon the Supreme Court of this State or the Supreme Court of this State holds that the Constitution of the United States or the Constitution of South Carolina, or both, impose upon state criminal proceedings a substantive standard not previously recognized or a right not in existence at the time of the state court trial, and if the standard or right is intended to be applied retroactively, an application under this chapter may be filed not later than one year after the date on which the standard or right was determined to exist.

    (C) If the applicant contends that there is evidence of material facts not previously presented and heard that requires vacation of the conviction or sentence, the application must be filed under this chapter within one year after the date of actual discovery of the facts by the applicant or after the date when the facts could have been ascertained by the exercise of reasonable diligence.



*Gammon*, 79 F.3d 693, 697 (8th Cir. 1996) ("[A] petition may be summarily dismissed if the record clearly indicates that the petitioner's claims are either barred from review or without merit."); *Baker v. Marshall*, 1995 U.S.Dist. LEXIS 4614, *2-*3, 1995 WL 150451 (N.D. Cal., March 31, 1995) ("The District Court may enter an order for the summary dismissal of a habeas petition if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in this Court."); and the Anti-Terrorism and Effective Death Penalty Act of 1996.

The petitioner's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

January 5, 2009
Charleston, South Carolina



9

**<u>Notice of Right to File Objections to Report and Recommendation</u>**

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Court Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** In the absence of a timely filed objection, a district court judge need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in the waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); and *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

