IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| James Richard Ayre, #459881, ) <br> a/k/a James Ayres (SCDC #222907), ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> State of South Carolina, ) <br> ) <br> Respondent. ) | C.A. No. 9:08-4032-HMH-BM <br><br> **OPINION & ORDER** |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Bristow Marchant made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1]  James Richard Ayre ("Ayre"), proceeding pro se, filed the instant federal habeas corpus petition pursuant to 28 U.S.C. § 2254 on December 16, 2008.  In his Report and Recommendation, Magistrate Judge Marchant recommends dismissing Ayre's petition without prejudice and without requiring Respondent to file a return.  For the reasons set forth below, the court adopts the magistrate judge's Report.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Ayre pled guilty to first-degree criminal sexual conduct with a minor and sexual exploitation of a minor on February 23, 2007, in the Court of General Sessions for Berkeley County, South Carolina, and was later sentenced to ten years' imprisonment on the criminal

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  See Mathews v. Weber, 423 U.S. 261, 270 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1) (2006).

1

sexual conduct charge and five years' imprisonment on the sexual exploitation charge, to be served consecutively. Ayre then appealed to the South Carolina Court of Appeals alleging (1) that his plea was not voluntarily and intelligently entered into; (2) the trial court erred by not dismissing charges against him in light of the Interstate Agreement on Detainers violation; (3) his lack of appearance at the grand jury violated his due process rights; and (4) he received ineffective assistance of counsel. On August 15, 2008, the South Carolina Court of Appeals dismissed Ayre's appeal. Ayre filed an untimely petition for rehearing on September 25, 2008, which was returned unprocessed by the Court of Appeals. On October 29, 2008, the South Carolina Supreme Court denied Ayre's pro se petition for writ of certiorari because Ayre failed to timely petition for rehearing with the Court of Appeals. Ayre filed the present § 2254 petition on December 16, 2008.[2]

## II. DISCUSSION OF THE LAW

Ayre filed objections to the Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that many of Ayre's objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely

---

[2] See Houston v. Lack, 487 U.S. 266, 266 (1988).

restate his claims. However, the court has identified two specific objections: (1) the magistrate judge failed to address all of the claims raised in Ayre's petition; and (2) the magistrate judge erred in requiring exhaustion of state remedies for the ineffective assistance of counsel claims because "such a claim could be made at any point on direct or collateral attack." (Objections 2.)

Ayre argues that the magistrate judge failed to discuss his fourth ground for relief, an ineffective assistance of counsel claim against LaNelle Durant ("Durant"), Ayre's appellate counsel.[3] While Magistrate Judge Marchant explicitly identifies three grounds for relief in his Report, he discusses Ayre's fourth claim for ineffective assistance of counsel against Durant. In his Report, the magistrate judge notes that Ayre "has not exhausted his state court remedies with respect to his ineffective assistance of counsel claims, although he appears to have exhausted his other two claims." (Report & Recommendation 4.) (emphasis added) The magistrate judge considered Ayre's two ineffective assistance of counsel claims collectively because Ayre has failed to exhaust his state remedies for both claims. While the magistrate judge only explicitly referred to the ineffective assistance of counsel claim for the original defense counsel, he clearly addresses both ineffective assistance claims. Accordingly, this objection is without merit.

Second, Ayre argues that his ineffective assistance of counsel claims "could be made at any point on direct or collateral attack." (Objections 2.) To support this claim, Ayre directs the court's attention to Edwards v. Carpenter, 529 U.S. 446 (2000) and Massaro v. United States,

---

[3]In his Report the magistrate judge writes that Ayre "raises three (3) grounds in this § 2254 petition. Ground One concerns alleged violations of the Interstate Agreement on Detainers (IAD), Ground Two alleges an involuntary guilty plea, and Ground Three concerns ineffective assistance of original defense counsel." (Report & Recommendation 2.)

538 U.S. 500 (2003). The court interprets Ayre's objection to allege that his ineffective assistance of counsel claims are not procedurally barred. Procedural default, however, is not at issue in this case as Ayre has failed to exhaust his state remedies. Ayre has not filed an application for post-conviction relief ("PCR") setting forth his ineffective assistance of counsel claims.[4] As such, Ayre has failed to exhaust viable state court remedies and as the magistrate judge explains, "this court should not keep this case on its docket while [Ayre] is exhausting his state court remedies." (Report & Recommendation 7.) See Pitchess v. Davis, 421 U.S. 482, 490 (1975) (explaining that respondent is entitled to no relief based on a claim which state remedies have not been exhausted).[5] Accordingly, Ayre's objection regarding procedural default is without merit. After a thorough review of the magistrate judge's Report and the record in this case, the court adopts Magistrate Judge Marchant's Report and Recommendation.

It is therefore

**ORDERED** that Ayre's federal habeas corpus petition, docket number 1, is dismissed without prejudice and without requiring Respondent to file a return.

**IT IS SO ORDERED.**

s/Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
January 23, 2009

---

[4] The court notes that there is a one-year statute of limitations for filing a PCR application. S.C. Code. Ann. § 17-27-45.

[5] Ayre has exhausted his first two claims in his petition. However, although the court can, in its discretion, stay a mixed petition pending exhaustion of the unexhausted claims, the court declines to do so. Rhines v. Weber, 544 U.S. 269, 275-76 (2005).

**NOTICE OF RIGHT TO APPEAL**

The Petitioner is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.